UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WESLEE WILKINSON,<br><br>*Defendant*. | Crim. No. 25-mj-228 (ZMF) |

**OPPOSITION TO ORAL DETENTION MOTION**

Defendant Weslee Wilkerson, a loving father and lifelong resident of D.C., presents neither a flight risk nor a danger to the community. His strong family ties, deep community roots, cooperative conduct, and the non-violent circumstances of this case strongly support release on appropriate conditions. The government's motion for detention should be denied.

**APPLICABLE LEGAL STANDARDS**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, pretrial detention is appropriate only when the government demonstrates that *no* combination of conditions will reasonably assure the defendant's appearance or, by clear and convincing evidence, the safety of the community. *United States v. Hanson*, 613 F.Supp. 2d 85, 88 (D.D.C. 2009) (citing 18 U.S.C. § 3142(e)). In making this determination, the Court is directed to assess four factors set forth in § 3142(g): (1) the nature and circumstances of the offense, including whether it is violent or nonviolent in nature; (2) the weight of the evidence; (3) the history and characteristics of the person, including character, family ties, employment, length of residence in the community, community ties, past conduct, criminal history, and record of court appearances; and (4) the danger the defendant poses to the community if released.

1

I.   **History and Characteristics of the Defendant**

Mr. Wilkerson's background reflects a young man striving to overcome hardship and provide for his family. He is devoted to his family, both to his mother and brother, with whom he lives and supports, and his 2-month-old son, Wisdom, whom he raises with his fiancée.

 

Wes, as he is known, grew up under hard circumstances, being raised by a single mother in D.C.'s Benning Road neighborhood. But he connected with community leaders early in life and even at his young age has striven to make a positive difference in the youth of his neighborhood. Indeed, a letter from community leader and former ANC Commissioner Ebbon A. Allen, who has known Weslee for over a decade, is worth quoting in its entirety:

> I met Weslee Wilkerson about 10 years ago. Wes is what we call him in our community.  Wes has beating the odds of growing up in Southeast DC. Wes was raised by a single mom with a few siblings in the Benning Park Community.
>
> Ever since I met Wes, the journey of talking to this young man has been phenomenal.  I grew up a block away from Wes on a street we all know as Hanna Place off Benning Road Southeast.
>
> In 2017, I was elected to become an Advisory Neighborhood Commissioner in Single Member District 7E03.  I represented 2K Constituents for 4 awesome years. Wesley would participate with my youth rallies. Wes would come with me to CW Harris ES to speak and talk the 2nd and 3rd graders about growing up in Southeast, DC.  Wes would also be very resourceful when I hosted my Public Safety Days within the Benning Park Community.
>
> I am very proud of Wesley because this young man has bounced back every time he lost his friends to gun violence.  Wes would talk to me about aspiring to graduate from HD Woodson.  Wes also wanted to find a job so he could help his mother will all of the bills in the house.
>
> The Benning Park Apartments has always had a stigma about its neighborhood. The stigma that great people cant come out of Benning Park.  I've always beloved that Wesley Wilkerson will become that young man who will change the trajectory of his circumstances.
>
> I request of you, Judge to give Weslee to have the opportunity to demonstrate that he will be that young king that will inspire the next generation of Benning Park Youth. Ill also will charge Wes to remain a man of his word.
>
> In the words of my Morehouse Brother,  Dr. Martin Luther King Jr., "Hate cannot drive out hate; love will do that. " I know that Wesley will exemplify the love that so many young inner city boys need to survive in our Nations Capitol.

Ex. 1.

Wes has deep community roots. He has spent his entire life in the Benning Road community of Southeast DC. Indeed, he has lived in the *same apartment* with his family his whole life. All of his immediate family—including his mother, siblings, fiancée, and infant son—reside locally. These deep community ties ensure both stability and accountability if he is released. Notably, his mother is a contractor with the DC Jail and could serving as a responsible third-party custodian, ensuring compliance with release conditions.

Wes regularly takes day-labor jobs to support his household. His willingness to work

3

reflects responsibility and commitment to lawful means of providing for his family. His release would allow him to continue caring for his infant child and supporting his family.

Although Wes has a prior conviction—for carrying a pistol without a license (CPWL)—this occurred in 2020 when he was just 18 and not even old enough to obtain a license. He accepted responsibility and served a 12-month sentence during Covid. Moreover, the circumstances of the offense show the quandary young men like Weslee face in D.C.'s most violent neighborhoods. After being shot by the random crossfire of neighborhood gun violence, Weslee began carrying a weapon out of fear for his safety. At 5'7" and 135 lbs., his small stature made him feel vulnerable. On the day of his prior arrest, three men drove up to a community barbecue and began firing into it from the outside, and Weslee defended himself and his neighbors. But since he had no license to carry a weapon (nor could get one at his age), he became a felon. Given these circumstances and his efforts to support his family, raise his son, and influence youth in the community, Weslee is an asset to the community, not a danger to it.

**II.     Nature and Circumstances of the Offense, Including Whether it is Violent**

Mr. Wilkinson is charged with felon in possession under 18 U.S.C. § 922(g). A loaded firearm was found on his person after he was pulled over while driving with his sister due to nonworking lights. He was polite and cooperative with officers. The weapon was never brandished, displayed, or used in connection with drugs, threats, or violence. His conduct amounts to passive possession discovered during a stop, not active criminal use. While firearm possession is serious and can endanger the community, there was no violent act, drug trafficking, or threatening conduct accompanying the charge; and possessing a firearm for personal protection in a dangerous neighborhood is somewhat understandable. This overall nonviolent offense supports release.

### III. Weight of the Evidence

The weight of the evidence is strong. However, when it is applied against a defendant, the weight of the evidence is the *least* significant factor under § 3142(g). *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Otherwise, pretrial detention "could become in substance a matter of punishment." *Id.* Since all other factors favor release, this least significant factor should not prevent Wes from resuming his important role as a father while he discusses the case with counsel and determines his legal options.

### IV. The Danger Posed to the Community

There is no evidence that Mr. Wilkinson is a danger to the community. Although he carried a firearm after being shot as a passerby in a violent D.C. neighborhood, it was for self-defense, and he has never been convicted of selling drugs, robbing others, or any similar conduct. He is a loving partner and father who supports his family, contributes to his community, and has community and family support. The government cannot show by clear and convincing evidence that there are *no* conditions could safeguard the community if he were released on his own recognizance or under the HISP program. Indeed, Wes is an asset to the community, as Mr. Allen's letter shows.

### **CONCLUSION**

For these reasons, the Court should deny the government's motion for detention and release Mr. Wilkinson on the least restrictive conditions necessary.

Dated:  September 24, 2025            Respectfully submitted,

_____
Matthew J. Peed (DC Bar No. 503328)
matt@clintonpeed.com
**CLINTON & PEED**
1775 I St. NW, Suite 1150
Washington, DC  20006
Tel: (202) 919-9491

*Attorney for Weslee Wilkinson*